# ORIGINAL

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JUN 2 2 2010

Stephan Harris, Clerk
Cheyenne

Kim D. Cannon, Bar # 5-1401
Kate M. Fox, Bar # 5-2646
Davis & Cannon, LLP
40 South Main
P.O. Box 728
Sheridan, WY 82801
Telephone:    (307) 672-7491
Facsimile:    (307) 672-8955

Michael T. Hornak, *(admitted pro hac vice)*
mhornak@rutan.com
Ronald P. Oines, *(admitted pro hac vice)*
roines@rutan.com
Natalie M. Gowin, *(admitted pro hac vice)*
ngowin@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:    714-641-5100
Facsimile:    714-546-9035

Attorneys for Plaintiff BLACK CARD LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLACK CARD LLC, a Wyoming Limited Liability Company,<br><br>         Plaintiff,<br><br>   v.<br><br>AMERICAN EXPRESS MARKETING & DEVELOPMENT CORP. a Delaware corporation; AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. a New York corporation; and DOES 1 through 10, inclusive,<br><br>         Defendants. | Case No. 10cv0025-D |

2328/026336-0034
1075617 03 m03/10/10
23182383v3

## STIPULATED PROTECTIVE ORDER

Plaintiff Black Card LLC ("Plaintiff" or "Black Card") and Defendants American Express Marketing & Development Corp. and American Express Travel Related Services Company, Inc. ("Defendants" or "American Express") (collectively, "the Parties") hereby agree that in the course of this litigation disclosure may be sought of information which a Party or Non-Party considers to be of a confidential, trade secret, and/or proprietary nature, and there is a need to establish a mechanism to protect the disclosure of such confidential, trade secret, and/or proprietary information in this action and that it be used solely in connection with the litigation. The Parties hereby agree that the following terms shall govern the disclosure and use of confidential, trade secret, and/or proprietary information provided in discovery in this action, and any related proceedings or appeals of this action, by any Party or Non-Party.

The Court having reviewed this document orders as follows:

**IT IS HEREBY ORDERED** that documents containing confidential information shall be subject to this protective order.

## I.     DEFINITIONS.

The following definitions apply in this protective order:

a.      The designation "CONFIDENTIAL" may be applied by a Party or Non-Party to any type of information that the Party or Non-Party believes in good faith constitutes,

contains, reveals, or reflects proprietary or confidential financial, business, technical, personnel, or related information.

     b.     The designation "CONFIDENTIAL – ATTORNEY'S EYES ONLY" may be applied by a Party or Non-Party to any type of information that it believes in good faith would, or might reasonably have a tendency to, cause harm to the business operations of the disclosing Party or Non-Party or provide improper advantage to others, if disclosed to the public or the other party without the restrictions set forth herein. In designating information as CONFIDENTIAL – ATTORNEYS EYES ONLY, the disclosing party will make such designation only as to that information that it believes in good faith constitutes, contains, reveals, or reflects proprietary or confidential information, including unpublished financial data, pricing or cost information, sales and profit information, business plans, research and development information and other such sensitive information.

     c.     "Protected Information" refers to all information which is subject to the designations "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" as described above.

     d.     "Party" means every party to this action and every director, officer, and managing agent of every party to this action.

     e.     "Non-Party" means every person or entity not a party to this action that provides information, either testimonial or documentary, for use in this litigation through discovery or otherwise.

f.     "Order" means this Protective Order.

## II.     TERMS OF THE PROTECTIVE ORDER.

### A.     Materials Subject to Designation.

All depositions, originals and copies of transcripts of depositions, exhibits, answers to interrogatories, responses to requests for admissions, and all documents, materials, tangible things, and information obtained by inspection of files or facilities, by production of documents or by identification of documents previously gathered (hereinafter collectively referred to as "Information") may be designated by the Party or a Non-Party producing the Information in conformity with the definitions set forth above.

### B.     Persons Having Access to Protected Information.

Except as provided in Paragraphs D and E below, Protected Information that is designated as "Confidential" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed in any way to any person or entity other than counsel of record for a Party, such counsel's staff, outside support, translation vendors, jury consultants (and those working for such consultants) retained by counsel of record (provided such vendors/consultants sign the Non-Disclosure Agreement attached hereto as Exhibit A), court reporters transcribing testimony in the case, the Parties to this action and those employees of the Parties who are assisting in the prosecution or defense of this action, the Court, and any such other person as may be consented to, in writing, by the Party or Non-Party designating such information as "confidential."

The recipients of all Protected Information shall use such information only for the purpose of this litigation, and shall not directly or indirectly use such information for any business, financial, promotional, or any other purpose.

## C.   Persons Having Access to Confidential – Attorneys Eyes Only Information.

Except as provided in Paragraphs D and E below, Protected Information designated as "Confidential – Attorneys Eyes Only" and all information derived therefrom (excluding such information derived lawfully from an independent source) shall not be disclosed to any person or entity other than outside counsel of record for the Party responsible for this matter, such counsel's staff, outside support or translation vendors and jury consultants (and those working for such consultants) retained by counsel of record (provided such vendors/consultants sign the Non-Disclosure Agreement attached hereto as Exhibit A), court reporters transcribing testimony in this case, the Court, and any such other person as may be consented to, in writing, by the Party or Non-Party designating such information as "confidential – attorneys' eyes only."   Such information shall be used only for the purposes of this litigation, and shall not directly or indirectly be used for any business, financial, promotional, or any other purpose.

## D.   Disclosure To Experts.

Documents designated as "CONFIDENTIAL" and "CONFIDENTIAL – ATTORNEYS EYES ONLY" may be shown to any expert, together with his or her clerical staff, who are retained by a party for the purpose of assisting with this litigation.  Before disclosure to any such expert, the person to whom such information is to be disclosed shall execute the Non-Disclosure

Agreement attached hereto as Exhibit A. The attorney of record shall maintain the record of such executed Agreements until 60 days following the final disposition of this matter. The foregoing notwithstanding, any such expert who is an employee of a competitor of any of the parties (other than one of the parties) shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY," and any such expert that is an employee or agent of any of the parties shall not be shown or otherwise given access to documents or information designated "CONFIDENTIAL – ATTORNEYS EYES ONLY."

### E.    Requests for Additional Disclosure.

If any counsel of record desires to disclose any information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to any person other than those permitted to have access under Paragraphs II. B, C, and D above, that counsel shall first obtain the written consent of the party who designated the Protected Information (the "designating party") through such party's counsel of record. If such consent is denied, that counsel may seek leave of Court to do so.

### F.    Challenges to the Propriety of a Confidentiality Designation.

A party shall not be obligated to challenge the propriety of a confidentiality designation at the time made, and a failure to do so shall not preclude a subsequent challenge. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of information as Protected Information, the Parties shall try first to resolve such dispute in good

faith on an informal basis. If the dispute cannot be resolved, the objecting Party may seek appropriate relief from this Court. In the event that the Court finds that the Party making or opposing the motion did so in bad faith, the Court may award reasonable attorneys' fees and costs incurred to the prevailing Party in any dispute involving a confidentiality designation.

## G. Modification of Protective Order and Burden of Proof.

The Parties by written stipulation may provide for exceptions to this Order and any Party may seek an order of this Court modifying this Order. This Order shall be without prejudice to either Party to bring before the Court at any time the question of whether any particular information is or is not in fact Protected Information. Upon such hearing, the Party asserting Protected Information status shall have the burden of establishing same.

## H. Manner of Designating Documents.

    i.    Paper Media. Paper documents produced by a Party or Non-Party may be designated as Protected Information by marking every page with one of the following legends (as appropriate): "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY."

    ii.    Non-Paper Media. Where Protected Information is produced in a non-paper media (e.g. native files, video tape, audio tape), the appropriate confidentiality designation as described in paragraph H(i) above should be placed on the media, if possible, and its container, if any, so as to clearly give notice of the designation. A party producing electronic documents

containing Protected Information in native format shall concurrently provide a list of the native files being produced, which list shall indicate whether each such native file has been designated "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS EYES ONLY." To the extent that any receiving Party prints any native file containing Protected Information, such printouts will be marked as described in paragraph H(i) above by the receiving Party.

iii.    Physical Exhibits. The confidentiality status of a physical exhibit shall be indicated by placing a label on said physical exhibit with the appropriate confidentiality designation as described in paragraph H(i) above.

iv.    Original Files. In the case of original files and records produced for inspection, no marking need be made by the designating party in advance of inspection. For the purposes of inspection, all documents produced shall be considered as marked "CONFIDENTIAL – ATTORNEYS EYES ONLY." Thereafter, upon selection of specified documents for copying by the inspecting Party, the designating party shall, at the time the copies are produced to the inspecting Party, mark as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" the copies of such documents that contain Protected Information.

v.      Written Discovery Responses.   In the case of Protected Information incorporated into answers to interrogatories or responses to requests for admission, the appropriate confidentiality designation described in paragraph H(i) above shall be placed on the first page of the document and on each answer or response that contains Protected Information.

vi.      Depositions. Information disclosed at the deposition of a Party or of one of its current or former officers, directors, employees, agents, or independent experts retained by a Party for purposes of this litigation may be designated by the Party as Protected Information. The Court Reporter shall designate the transcript or any part thereof "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY." If only a part of the transcript is designated as Protected Information, that portion of the transcript shall be separately bound and bear the appropriate designation, along with any corresponding exhibits designated "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEYS' EYES ONLY."

**I.    Disclosure of Protected Information by Receiving Party at a Deposition.**

Subject to the terms of this Order, Protected Information may be disclosed by a receiving party in a deposition, to the extent that its use is necessary, only at the depositions of:

i.      current directors, officers or employees of the designating party;

ii.      any person identified as a Fed. R. Civ. P 30(b)(6) witness by the designating party;

iii.     any person employed by any affiliate company of either Party or employed by any non-affiliate company which has a business relationship with either party, which person has prior knowledge of the Protected Information or has access to such Protected Information as part of his or her normal duties and responsibilities;

iv.      an author, addressee, or other person indicated on the face of the document as a lawful recipient of the document containing Protected Information;

v.       a person clearly identified in prior discovery or by the deponent in his or her deposition as an author or recipient of the document containing Protected Information (without prior disclosure of the specific Protected Information);

vi.      an independent consultant, expert, or advisor or other person who has been authorized under this Order to receive such information; or

vii.     any person for whom prior authorization is obtained from the designating party or the Court.

In-house counsel other than, for American Express, Stuart Alderoty and, for Black Card LLC, Greg Giraudi, may be excluded at the discretion of the producing Party from any portion of any deposition during which information and/or documents that have been designated by that

Party as "CONFIDENTIAL – ATTORNEYS EYES ONLY" is discussed, and in-house counsel attending depositions shall not be provided copies of or shown any document designated by the opposing Party as "CONFIDENTIAL – ATTORNEYS EYES ONLY" and shall not be permitted to take notes about the substance of any document so designated.

### J.      Initial Failure to Designate Information.

The initial failure of a party to designate Protected Information as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" in accordance with this Order shall not preclude any Party or Non-Party, at a later date, from so designating the documents or testimony and to require such documents or testimony to be treated in accordance with such designation from that time forward. If such Protected Information has previously been disclosed to persons no longer qualified after such designation, the disclosing party shall take reasonable efforts to obtain all such previously disclosed Protected Information, advise such persons of the claim of confidentiality, and have such persons execute the Non-Disclosure Agreement attached hereto as Exhibit A. Disclosure of the information prior to its designation as Protected Information is not a violation of this Order.

### K.      Inadvertent Production of Privileged Information.

This order shall not preclude the Parties or their attorneys from making any applicable claims of privilege during discovery or at trial. If a producing party inadvertently discloses to a receiving party information that is privileged, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item(s) of

information be returned, and no Party to this action shall thereafter assert that such disclosure waived any privilege. It is further agreed that the receiving party will return such inadvertently produced item(s) of information and all copies thereof within ten (10) days of receiving a written request for the return of such item(s) of information.

**L.     Filing Documents with the Court.**

All information designated as Protected Information sought to be filed or lodged with the Court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be submitted to or filed with the Court only under seal pursuant to court policy and the orders and procedures of the Court. Any redaction shall not simply utilize an electronic redaction method (e.g. Adobe Acrobat) without re-scanning the document to ensure against any disclosure of the information. For example, the Party desiring to use the Adobe Acrobat redaction tool shall redact the information, print the document(s) out, and rescan the document to make sure that an unauthorized person cannot discover the information by removing the redaction electronically.

**M.     No Effect on Party's Own Use.**

Nothing contained in this Order shall affect the right of a Party to disclose to its officers, directors, employees, partners, or consultants or to use as it desires any Protected Information designated and produced by it as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY."

**N.** **No Effect on Rendering Legal Advice.**

Nothing in this Order shall bar or otherwise prevent any attorney herein from rendering advice to his or her client with respect to this litigation, and in the course thereof, from relying upon his or her examination or knowledge of Protected Information and any information derived therefrom; provided, however, that in rendering such advice and in otherwise communicating with his or her client, such attorney shall not provide or show copies of any Protected Information produced by another Party or Non-Party herein to any person who is not authorized to receive such information under the provisions of this Order.

**O.** **No Effect on Disclosure to Author or Addressees.**

Nothing contained in this Order shall affect the right of a Party to disclose any Protected Information designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS EYES ONLY" to the author or addressees of the document.

**P.** **No Applicability to Independently Obtained or Public Information.**

No Party shall be bound by this Order as to any information:

    i.    that is lawfully obtained independently of this litigation; or

    ii.    that is generally known to the public, provided that such information was not obtained or made public in violation of this or any other obligation of confidentiality.

**Q.     Final Disposition of Action.**

Within 60 days upon the final disposition of this action and exhaustion of all appellate rights by all Parties, each counsel of record shall promptly return to counsel of record for the designating party all Protected Information and all copies made thereof, or at the designating party's option the receiving party can destroy all such documents. Notwithstanding the foregoing, each counsel of record shall be permitted to retain one copy of all pleadings submitted to the Court, deposition transcripts and exhibits thereto, and attorney notes, irrespective of whether they contain Protected Information, but such attorney shall not disclose such material without further Order of this Court.

**R.     Effect on Discovery.**

This Order shall not preclude or limit the right of any Party to oppose discovery on any ground which would otherwise be available.

**S.     Survival of Terms.**

Absent written modification of this Order by the Parties or further order of the Court, the provisions of this Order that restrict the disclosure and use of Protected Information shall survive the final disposition of this action and continue to be binding on all persons subject to the terms of this Order.

**IT IS SO ORDERED.**

Dated: This _21_ day of June, 2010.

_____
Magistrate Judge William C. Beaman

**APPROVED AS TO**
**FORM AND CONTENT:**

_Kate H Fox_

Kim D. Cannon, Bar # 5-1401
Kate M. Fox, Bar # 5-2646
Davis & Cannon, LLP
40 South Main
P.O. Box 728
Sheridan, WY 82801
Telephone:     (307) 672-7491

Michael T. Hornak (*admitted pro hac vice*)
mhornak@rutan.com
Ronald P. Oines (*admitted pro hac vice*)
roines@rutan.com
Natalie M. Gowin (*admitted pro hac vice*)
ngowin@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:     714-641-5100
Attorneys for Plaintiff BLACK CARD LLC

Frank Neville, Bar # 4-1145
Ryan J. Schwartz, Bar # 6-3611
Williams, Porter, Day & Neville, P.C.
159 No. Wolcott
P.O. Box 10700
Casper, WY 82601
Telephone:     (307) 265-0700

David H. Bernstein (*admitted pro hac vice*)
Eric D. Meyer (*admitted pro hac vice*)
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY 10022
Telephone:     (212) 909-6000
Attorneys for Defendants American Express Marketing & Development Corp. and American
Express Travel Related Services Company, Inc.

## EXHIBIT A

I, _____, declare as follows:

1.    My present address is: _____.

2.    My present occupation or job description is: _____.

3.    My present employer is: _____.

4.    I have received a copy of the Protective Order (the "Order") issued in *Black Card LLC v. American Express Marketing & Development Corp., et al.* (Case No. 10cv0025-D) pending in the United States District Court for the District of Wyoming. I have carefully read and understand the provisions of the Order.

5.    I will comply with all of the provisions of the Order. I will hold in confidence, will not disclose to anyone other than those persons specifically authorized by the Order, and will not copy or use except for the purposes of this action, any confidential information that I receive in this action.

Executed this ____ day of _____ 200__ in the County of _____, State of _____.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____
SIGNATURE OF DECLARANT