Kim D. Cannon, Bar # 5-1401
Kate M. Fox, Bar # 5-2646
Davis & Cannon, LLP
40 South Main
P.O. Box 728
Sheridan, WY 82801
Telephone:   (307) 672-7491
Facsimile:    (307) 672-8955

Michael T. Hornak, (*admitted pro hac vice*)
mhornak@rutan.com
Ronald P. Oines, (*admitted pro hac vice*)
roines@rutan.com
Natalie M. Gowin, (*admitted pro hac vice*)
ngowin@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:    714-546-9035

Attorneys for Plaintiff, BLACK CARD LLC

## UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BLACK CARD LLC, a Wyoming Limited Liability Company,<br><br>                    Plaintiff,<br>    v.<br><br>AMERICAN EXPRESS MARKETING & DEVELOPMENT CORP. a Delaware corporation; AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. a New York corporation; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | Case No. 10cv0025-D |

# DECLARATION OF RONALD P. OINES IN SUPPORT OF PLAINTIFF BLACK CARD LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Ronald P. Oines, declare as follows:

1. I am a partner with Rutan & Tucker, LLP, counsel for plaintiff Black Card LLC ("BC LLC") in the above-captioned matter. I am admitted to practice in the State of California and various United States District Courts and Courts of Appeal. I am admitted to practice before this Court, pro hac vice. I make this Declaration in support of Black Card's Motion for Partial Summary Judgment. I make this Declaration based on my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. On May 13, 2009, American Express Marketing and Development Corp. and American Express Travel Related Services Company, Inc. (collectively, "American Express") filed a Petition for Cancellation before the Trademark Trial and Appeal Board. The Petition purports to state two entirely separate bases for cancellation of the BLACKCARD mark (the "Mark"): (1) that the registered Mark is merely descriptive; and (2) that the registered Mark falsely suggests a connection with American Express. The Petition did not assert that American Express has any trademark rights in or had previously used "Black Card" or "Blackcard" in connection with its Centurion card or otherwise, nor did the Petition seek to cancel the Mark on any such rights.

3. On February 4, 2010, my office filed a Motion for Partial Summary Judgment in the TTAB proceeding on the ground that American Express cannot, as a matter of law, establish that the Mark falsely suggests a connection with American Express. Following the filing of the Motion, American Express' counsel advised me that American Express might withdraw its "false suggestion" claim and seek to amend its Petition for Cancellation to allege that the Mark is likely to cause confusion with American Express and the Centurion Card.

4. On March 8, 2010, American Express filed a motion in the TTAB proceeding seeking leave to amend the Petition to withdraw its false connection claim and add a "likelihood of confusion" claim. American Express also sought to suspend the TTAB proceedings in light of the pending district court actions. On May 7, 2010, the TTAB suspended the proceeding.

5. Early in February 2010, I learned from Barclays Bank's in-house counsel that American Express had informed Barclays that American Express might seek to prevent others from using the "BLACKCARD" Mark.

6. On or about June 30, 2010, my office received a production of documents from American Express' counsel, which included a document labeled AXP_P01015574-AXP_P01015624. American Express designated this document "Confidential-Attorneys Eyes Only" under the terms of the protective order. A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 1.

7. On or about June 30, 2010, my office received a production of documents from American Express' counsel, which included a document labeled AXP_P01016033-

AXP_P01016039. American Express designated this document "Confidential-Attorneys Eyes Only" under the terms of the protective order. A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 2.

8. On or about July 29, 2010, my office received a production of documents from American Express' counsel, which included a multi-page file labeled AXP-F01000026. American Express designated this document "Confidential-Attorneys Eyes Only" under the terms of the protective order. A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 3.

9. On or about July 29, 2010, my office received a production of documents from American Express' counsel, which included a multi-page file labeled AXP-F01000039. American Express designated this document "Confidential-Attorneys Eyes Only" under the terms of the protective order. A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 4.

10. On or about June 30, 2010, my office received a production of documents from American Express' counsel, which included a document labeled AXP_P01009670-AXP_P01009706. American Express designated this document "Confidential-Attorneys Eyes Only" under the terms of the protective order. A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 5.

11. On or about June 30, 2010, my office received a production of documents from American Express' counsel, which included a document labeled AXP_P01012708. American

Express designated this document "Confidential-Attorneys Eyes Only" under the terms of the protective order A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 6.

12. On or about June 30, 2010 my office received a production of documents from American Express' counsel, which included a November 30, 1999 letter labeled AXP_P01007798. American Express designated this document "Confidential" under the terms of the protective order A true and correct copy of the document my office received from American Express is attached to BC LLC's Index of Confidential Documents as Exhibit 7.

13. On or about June 30, 2010 my office received a production of documents from American Express' counsel, which included a letter labeled AXP_P01016555. American Express designated this document "Confidential" under the terms of the protective order. A true and correct copy of the document my office received from is attached to BC LLC's Index of Confidential Documents as Exhibit 8.

14. On or about June 30, 2010 my office received a production of documents from American Express' counsel, which included an email dated November 18, 2009 and labeled AXP_P01000261. American Express designated this document "Confidential" under the terms of the protective order. A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 9.

15. On or about June 30, 2010 my office received a production of documents from American Express' counsel, which included a letter dated February 6, 2009 and labeled

AXP_P01000220. American Express designated this document "Confidential" under the terms of the protective order. A true and correct copy of the document my office received is attached to BC LLC's Index of Confidential Documents as Exhibit 10.

16. On or about September 9, 2010, my office received from American Express' counsel samples of the American Express Centurion Card. A true and correct image of the front of one of the sample Centurion Cards is attached as Exhibit 11.

17. On April 19, 2010, my office served BC LLC's first set of interrogatories to American Express. On or about May 19, 2010, my office received the Responses and Objections of Defendant to Black Card LLC's First Set of Interrogatories. A true and correct copy of the Responses and Objections my office received is attached as Exhibit 12.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 14, 2010 at Costa Mesa, California.

_____
Ronald P. Oines