Kim D. Cannon, Bar # 5-1401
Kate M. Fox, Bar # 5-2646
Davis & Cannon, LLP
40 South Main
P.O. Box 728
Sheridan, WY 82801
Telephone:   (307) 672-7491
Facsimile:   (307) 672-8955

Michael T. Hornak, (admitted pro hac vice)
mhornak@rutan.com
Ronald P. Oines, (admitted pro hac vice)
roines@rutan.com
Natalie M. Gowin, (admitted pro hac vice)
ngowin@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:   714-641-5100
Facsimile:   714-546-9035

Attorneys for Plaintiff, BLACK CARD LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BLACK CARD LLC, a Wyoming Limited Liability Company,<br><br>              Plaintiff,<br>     v.<br><br>AMERICAN EXPRESS MARKETING & DEVELOPMENT CORP. a Delaware corporation; AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. a New York corporation; and DOES 1 through 10, inclusive,<br><br>              Defendants. | Case No. 10cv0025-D |

**AFFIDAVIT OF RONALD P. OINES IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STAY,
EXTEND TIME TO RESPOND TO, OR DISMISS WITHOUT PREJUDICE
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

I, Ronald P. Oines, being first duly sworn upon oath, do depose and say as follows:

1. I am a partner with Rutan & Tucker, LLP, counsel for plaintiff Black Card LLC ("BC") in the above-captioned matter. I am admitted to practice in the State of California and various United States District Courts and Courts of Appeal. I am admitted to practice before this Court, pro hac vice. I make this Declaration in support of BC's Opposition to Defendants' Motion to Stay, Extend Time to Respond to, or Dismiss Without Prejudice, Plaintiff's Motion for Summary Judgment. I make this Affidavit based on my own personal knowledge, and if called upon as a witness, I could and would competently testify thereto.

2. On May 13, 2009, American Express Marketing & Development Corp. and American Express Travel Related Services Company (collectively, "AmEx") filed a Petition for Cancellation before the Trademark Trial and Appeal Board. The Petition purported to state two entirely separate bases for cancellation of the BLACKCARD mark (the "Mark"): (1) that the registered Mark is merely descriptive; and (2) that the registered Mark falsely suggests a connection with AmEx. The Petition did not assert that AmEx has any trademark rights in "Black Card" or "Blackcard" nor seek to cancel the Mark on any such rights.

3. On February 4, 2010, my office filed a Motion for Partial Summary Judgment in the TTAB proceeding on the ground that AmEx cannot, as a matter of law, establish that the

Mark falsely suggests a connection with AmEx. Following the filing of the Motion, AmEx's counsel advised me that AmEx might withdraw its "false suggestion" claim and seek to amend its Petition for Cancellation to allege that the Mark is likely to cause confusion with AmEx and the Centurion Card.

4. On March 8, 2010, AmEx filed a motion in the TTAB proceeding seeking leave to amend the Petition to withdraw its false connection claim and add a "likelihood of confusion" claim. AmEx also sought to suspend the TTAB proceedings in light of the pending district court actions.

5. The BC credit card that is the subject of this action is a Visa card issued by Barclays Bank. Early in February 2010, I learned from Barclays Bank's in-house counsel that AmEx had informed Barclays that AmEx might seek to prevent others from using the "BLACKCARD" Mark. Barclays' counsel told me that this threat caused Barclays concern. Barclays' counsel also told me that AmEx stated that it desired a meeting with BC, Visa and Barclays regarding a potential resolution.

6. On February 9, 2010, I had a telephone conference with AmEx's counsel, David Bernstein, during which I inquired about AmEx's request for a meeting among the four parties regarding a potential resolution. Mr. Bernstein demanded a "settlement" meeting between AmEx, BC, Visa and Barclays to discuss a "potential resolution" and stated that AmEx otherwise would "expand the issues." Mr. Bernstein indicated that the "resolution" would involve BC abandoning its registration in exchange for AmEx's agreement not to file a district court action

or otherwise attempt to stop BC (or Visa or Barclays) from using the Mark.

7.    I advised AmEx during the February 9, 2010 telephone conference that BC was not likely to be interested in a meeting among the four parties. I inquired whether AmEx would be willing to talk about a resolution with just BC. Mr. Bernstein stated that he would check with his client, but Mr. Bernstein never got back to me regarding such a meeting.

8.    My office did not receive a formal cease-and-desist letter from AmEx demanding that BC discontinue use of the "Black Card" or "Blackcard" marks.

Further, affiant sayeth not.

Dated this 28th of September, 2010.

_____
Ronald P. Oines

## ACKNOWLEDGMENT

STATE OF CALIFORNIA    )
COUNTY OF ORANGE    )

The foregoing Affidavit of Ronald P. Oines was subscribed and sworn to before me this 28th day of September, 2010.

WITNESS my hand and official seal.

_____
Notary Public

My Commission expires: _____

# CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of _Orange_

On _Sept 28, 2010_ before me, _Sandra J. Braymer, Notary Public_
    Date         Here Insert Name and Title of the Officer

personally appeared _Ronald P. Oines_
            Name(s) of Signer(s)

SANDRA J. BRAYMER
Commission # 1850792
Notary Public - California
Orange County
My Comm. Expires Jun 19, 2013

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _Sandra J. Braymer_
     Signature of Notary Public

Place Notary Seal Above

———————————— OPTIONAL ————————————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____  Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

Signer's Name: _____
- ☐ Individual
- ☐ Corporate Officer — Title(s): _____
- ☐ Partner — ☐ Limited ☐ General
- ☐ Attorney in Fact
- ☐ Trustee
- ☐ Guardian or Conservator
- ☐ Other: _____

Signer Is Representing: _____

RIGHT THUMBPRINT OF SIGNER
Top of thumb here

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827