# EXHIBIT B
# TO HORNAK DECLARATION

Kim D. Cannon, Bar # 5-1401
Kate M. Fox, Bar # 5-2646
Davis & Cannon, LLP
40 South Main
P.O. Box 728
Sheridan, WY 82801
Telephone:  (307) 672-7491
Facsimile:  (307) 672-8955

Michael T. Hornak, (*admitted pro hac vice*)
mhornak@rutan.com
Ronald P. Oines, (*admitted pro hac vice*)
roines@rutan.com
Natalie M. Gowin, (*admitted pro hac vice*)
ngowin@rutan.com
RUTAN & TUCKER, LLP
611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:  714-641-5100
Facsimile:  714-546-9035

Attorneys for Plaintiff, BLACK CARD LLC

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF WYOMING**

| | |
|---|---|
| BLACK CARD LLC, a Wyoming Limited Liability Company,<br><br>      Plaintiff,<br>  v.<br><br>AMERICAN EXPRESS MARKETING & DEVELOPMENT CORP. a Delaware corporation; AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC. a New York corporation; and DOES 1 through 10, inclusive,<br><br>      Defendants. | Case No. 10cv0025-D |

2328/026336-0034
1075617.03 m03/10/10

EXHIBIT B  PAGE 25

## BLACK CARD LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANTS AMERICAN EXPRESS MARKETING CORP. AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, plaintiff Black Card LLC ("Plaintiff" or "Black Card") hereby propounds the following written interrogatories to defendants American Express Marketing & Development Corp. and American Express Travel Related Services Company, Inc. (collectively, "Defendants") to be answered fully and separately in writing, under oath, within thirty days following service hereof.

### INSTRUCTIONS

1. In answering each of the interrogatories, you are requested to furnish all information which is available to you, including information in the possession of your attorneys or anyone acting on your behalf or under your direction and control, and not merely the information known by you of your own knowledge.

2. If you are unable to answer any of the interrogatories fully and completely after exercising due diligence to secure the information necessary to make such full and complete answers, so state and answer each interrogatory to the fullest extent possible, specifying your knowledge and your inability to answer the remainder and stating whatever information and knowledge you may have concerning any unanswered portion thereof and the efforts you made to obtain the requested information.

3. Each of the following interrogatories is a continuing one; if subsequent to serving an answer to any such interrogatory you obtain, or become aware of, any further information pertaining to such interrogatory, you are hereby requested to serve upon Plaintiff's attorneys supplemental answers setting forth such additional information.

4. If any information is withheld under a claim privilege, state the nature of the privilege claimed and provide sufficient information to permit a full determination of whether the claim is valid.

## DEFINITIONS

Unless otherwise indicated, the following definitions shall apply.

1. The terms "you," "your" and "Defendant" and "Defendants" mean defendants American Express Marketing & Development Corp. and/or American Express Travel Related Services Company, Inc. and each of their parents, subsidiaries, divisions, and/or affiliated entities, past or present, and each of their respective officers, directors, agents, employees or anyone else acting or purporting to act on their behalf.

2. The terms "document" or "documents" include, without limitation, originals, masters and every copy of writings, printed matter and electronically stored information of any kind and description, computer generated documents (including but not limited to computer files, disks, tapes and database records), photographs, graphs, charts and drawings, notes and records of any oral communications, and other data compilations from which information can be obtained, as defined by Federal Rule of Evidence 1001, in the possession, custody or control of Defendants,

or known to them, wherever located. The term also includes any and all things subject to discovery pursuant to Rule 34(a) of the Federal Rules of Civil Procedure and includes physical objects and things within the meaning of that Rule. Any translation of a Document as well as any copy of any document which contains any marking not appearing on the original document or which is an alteration of the original in any way or which is discovered at a different location or in the possession or custody of a different person is to be considered a separate document.

3. The term "relate to" means to refer to, mention, embody, illustrate, describe, memorialize, summarize, support and/or constitute.

4. The connectives "and" and "or" shall be construed either disjunctively or conjunctively, as necessary, to bring within the scope of the discovery request all responsive information that might otherwise be construed to be outside of the scope of the discovery request.

5. The use of the singular form of any word includes the plural and vice-versa.

6. The terms "identify," "identifying" and "identity" in the case of a communication or document means to recite:

    a. a description of the form, content, and nature of the communication or document sufficient to define and identify the communication or document;

    b. the identities of any and all issuers, authors, recipients and/or intended recipients of the communication or document; and the date of the communication or document.

## INTERROGATORIES

### INTERROGATORY NO. 1

State all facts which you believe support your contention that you own trademark rights in "Black Card" or "BlackCard."

### INTERROGATORY NO. 2

Identify all witnesses with knowledge of the facts which you believe support your contention that you own trademark rights in "Black Card" or "BlackCard."

### INTERROGATORY NO. 3

Identify all documents, including by Bates number, which you believe support your contention that you own trademark rights in "Black Card" or "BlackCard."

Dated: This 19th day of April, 2010

*/s/ Natalie Gowin*

Kim D. Cannon, Bar # 5-1401
Kate M. Fox, Bar # 5-2646
Davis & Cannon, LLP
40 South Main
P.O. Box 728
Sheridan, WY 82801
Telephone:    (307) 672-7491

Michael T. Hornak, (*admitted pro hac vice*)
mhornak@rutan.com
Ronald P. Oines, (*admitted pro hac vice*)
roines@rutan.com
Natalie M. Gowin, (*admitted pro hac vice*)
ngowin@rutan.com
RUTAN & TUCKER, LLP

-5-

611 Anton Boulevard, Fourteenth Floor
Costa Mesa, California 92626-1931
Telephone:    714-641-5100

Attorneys for Plaintiff BLACK CARD LLC

## CERTIFICATE OF SERVICE BY U.S. MAIL and EMAIL

I hereby certify that a true and complete copy of the foregoing **BLACK CARD LLC'S FIRST SET OF INTERROGATORIES TO DEFENDANT AMERICAN EXPRESS MARKETING CORP. AND AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.**, was served by U.S. Mail and e-mail to the following address(es) on **April 19, 2010**:

Attorneys for Defendants
David H. Bernstein, dhbernstein@debevoise.com
Eric D. Meyer, emeyer@debevoise.com
Debevoise & Plimpton LLP
919 Third Avenue
New York, New York 10022
Phone: 212-909-6696

_____
Angie Spielman